**Richard AYERS, et al., Petitioners,**

v.

**SGS CONTROL SERVICES, INC., et al., Respondents.***

**No. 08–5550–cv.**

United States Court of Appeals, Second Circuit.

Nov. 12, 2009.

Dan C. Getman, Getman & Sweeney, PLLC, New Paltz, N.Y. (Michael J.D. Sweeney, Edward Tuddenham, on the brief), for Petitioners.

PRESENT: B.D. PARKER, PETER W. HALL and GERARD E. LYNCH, Circuit Judges.

---

* This being a summary order, the full caption has been purposely abbreviated.

## SUMMARY ORDER

Petitioners' counsel seeks review of the lower court's fee award in connection with a settlement following a Fair Labor Standards Act suit brought by current and former employees of SGS Control Services, Inc. and affiliated companies. Respondents express no view with respect to the arguments on appeal. We assume the parties' familiarity with the facts, procedural context, and specification of appellate issues.

We review the District Court's fee award under a deferential abuse of discretion standard. *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 47–48 (2d Cir.2000). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 169 (2d Cir.2001) (footnotes omitted). It merits underscoring that " 'abuse of discretion'—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions." *Goldberger,* 209 F.3d at 47. "[T]he district court, which is intimately familiar with the nuances of the case, is in a far better position to make [such] decisions than is an appellate court, which must work from a cold record." *In re Bolar Pharm. Co., Inc., Sec. Litig.,* 966 F.2d 731, 732 (2d Cir.1992) (per curiam).

After careful review of the District Court's thorough and well-reasoned Decision and Order and Order denying Petitioners' Motion for Reconsideration, we hold that there is no basis to find that the District Court exceeded the bounds of its discretion in determining the appropriate percentage award in this case. Petitioners base their arguments before this Court on the grounds that other cases have been decided differently. However, they have not pointed to anything in the record to suggest that the District Court abused its ample discretion in deciding the case before it or that its common fund fee award of 19% "cannot be located within the range of permissible decisions." *Zervos,* 252 F.3d at 169. Nor are we persuaded that either *Trustees v. Greenough,* 105 U.S. 527, 26 L.Ed. 1157 (1881), or *Cent. R.R. & Banking Co. v. Pettus,* 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885), compels a contrary result.

Further, the District Court's decision to exclude the $674,320 in prior payments is firmly rooted in the Settlement Agreement, which contemplates that attorneys' fees will be based on a percentage of the "Settlement Payment," which is defined as "the $7,250,000.00 payment plus accrued interest thereon," and expressly does not include the earlier payments. Thus, we find no abuse of discretion in the District Court's exclusion of this amount from the fee base. We remand, however, for the District Court to reconsider and, if adhered to, to explain its parallel decision to exclude the interest accrued on the principal $7,250,000 settlement from the fee base, given that this amount is specifically included as part of the "Settlement Payment," from which fees are to be awarded.

Accordingly, the order of the district court is **AFFIRMED** as to the common fund fee percentage and the exclusion of the prior payments and **REMANDED** for an explanation into the exclusion of the accrued interest.